WO                                                                                                          MGD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Wayne Derello, Jr., | No. CV 19-05363-PHX-MTL (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Lori Stickley, et al., | |
| Defendants. | |

Plaintiff Douglas Wayne Derello, Jr., who is currently confined in the Arizona State Prison Complex (ASPC)-Eyman, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Emergency Motion for the Court to Issue an Order that Plaintiff be Allowed to Use a Computer/Typewriter (Doc. 32), which the Court has construed as a Motion for Preliminary Injunction. Also pending before the Court are two handwritten motions filed by Plaintiff that are illegible.[1] (Docs. 36, 44.)

**I.  Background**

On screening of Plaintiff's First Amended Complaint (Doc. 8) under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated the following claims in Count Two: First Amendment retaliation and Eighth Amendment claims against Defendant Sergeant N. Harris regarding the denial of a medically prescribed shower chair and showers; an Eighth Amendment claim against Defendant Sergeant C. Digiro regarding the denial of a

---

[1] Plaintiff has also filed an illegible document that was docketed as a notice. (Doc. 45.)

medically prescribed lower bunk order; a First Amendment retaliation claim against Defendant Assistant Deputy Warden Scott; and an Eighth Amendment claim against Defendant Sergeant Pond regarding the denial of recreation. (Doc. 16.) The Court further determined that Plaintiff stated an Eighth Amendment medical care claim against Defendant Nurse Practitioner Hahn in Count Three. (*Id*.) The Court directed these Defendants to answer the claims against them and dismissed the remaining claims and Defendants. (*Id*.)

## II.     Injunctive Relief Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a

mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

## III. Motion for Injunctive Relief

Plaintiff seeks an order from the Court allowing him to continue to use a computer/typewriter. (Doc. 32 at 1.) Plaintiff asserts that the district court granted his request to use a computer/typewriter for his court filings in Case No. CV 17-01266-PHX-DGC (Doc. 78) for medical reasons. (*Id.*) The district court in that case granted summary judgment to the defendant, and Plaintiff states that afterwards defense counsel emailed the prison "that [Plaintiff] should not be allowed to use the computer since that case is now resolved." (*Id.*) On January 21, 2021, Plaintiff filed his Motion in this case, asserting that he was told that was the last day he could use the computer, which Plaintiff says will cause delays in this case and other cases and will deny Plaintiff access to the court.[2] (*Id.*)

Defendants argue that Plaintiff's Motion for a typewriter is procedurally and substantively without merit. (Doc. 43.) Defendants assert that neither the State of Arizona nor the Arizona Department of Corrections and Rehabilitation (ADCRR) is a defendant in this case, therefore Plaintiff's claim for injunctive relief is not properly before the Court. (*Id.* at 2.) Defendants contend that none of Plaintiff's claims in this lawsuit concern his difficulty with handwriting, and he has not supported his Motion with any medical facts or supporting exhibits concerning his ability to write by hand. (*Id.*) Defendants argue that Plaintiff appears to take the position that every time he files a civil lawsuit, ADCRR must

---

[2] Plaintiff's Motion is typewritten, but Plaintiff's signature is not legible. As noted, Plaintiff's subsequent handwritten filings are not legible. (*See* Docs. 36, 44.)

provide him with a typewriter or computer and that ADCRR must use state resources to provide one of those to him. (*Id*. at 3.)

Defendants assert that ADCRR did dutifully comply with a court order to provide Plaintiff with a computer for the last lawsuit he filed, but Plaintiff's own typewriter is now broken. (*Id*. at 3-4.) Defendants pose a series of questions that they contend require an evidentiary hearing to resolve such as who has the obligation to continue maintaining a typewriter in workable condition and paying for typewriter supplies; "what is the legal standard by which the ADCRR must assess its obligations to provide a typewriter as to prisoners in general?"; and "[w]hen is access to a typewriter required by federal law and when may it be properly denied?" (*Id*. at 4.) Defendants also argue that a typewriter poses considerable safety and security issues because they have parts that can be transformed into weapons. (*Id*.) Defendants contend that "an evidentiary hearing would be necessary to flesh through these issues," but an evidentiary hearing is not needed here because Plaintiff's Motion is meritless on its face. (*Id*. at 4-5.)

**IV.    Discussion**

Although Plaintiff's Motion does not relate to the underlying claims in this case, in certain circumstances, where a request for a court order relates to a prisoner's access to the courts, the Court may grant preliminary injunctive relief without assessing the merits of the underlying action. *See Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990).

Although Plaintiff did not submit evidence of his medical condition, Defendants do not dispute that Plaintiff has a medical condition that makes him unable to write legibly. It would be pointless at this stage for the Court to require Plaintiff to file additional evidence of his medical condition, such as a Declaration, because the Court would be unable to read Plaintiff's handwriting. Indeed, this Court has previously ordered the ADCRR to provide Plaintiff with a typewriter or computer in other actions based on his medical condition. (*See Derello v. Jackson*, CV 17-01266-PHX-DGC, Doc. 78 (D. Ariz.); *Derello v. Sanchez*, CV 18-03575-PHX-MTL (JFM), Doc. 140 (D. Ariz.).) Because Plaintiff's handwritten filings in this action are not legible, and Plaintiff's difficulty with

writing by hand is clear on the face of the documents he has filed in this action, Plaintiff has satisfied his burden of showing that he is likely to face irreparable injury absent the Court's intervention.

Defendants do not cite any authority for their apparent argument that only ADCRR could be compelled to provide Plaintiff with a typewriter or computer, and not the individual Defendants, who work for ADCRR.[3]  Nor was that argument raised in the other cases where the court granted Plaintiff injunctive relief in the form of a typewriter or computer.  Defendants' hypothetical questions about who must pay for a prisoner's typewriter supplies are meritless, especially in light of the fact that ADCRR has previously provided Plaintiff with access to a computer, not a typewriter, and presumably could do so again at little to no cost.  Moreover, Defendants do not argue that access to a computer would pose any safety and security issues.  Finally, it is not the Court's role to advise Defendants on the the legal standard by which the ADCRR must assess its obligations to provide a typewriter to prisoners in general or when access to a typewriter is required by federal law.  Indeed, the Court notes that Defendants have not presented any evidence of what a prisoner with a disability must do to even request assistance, such as use of a typewriter or computer, in order to access the courts.

Accordingly, there being no true objection from Defendants, and Plaintiff having met his burden of showing that he is entitled to injunctive relief, the Court will order Defendants to provide Plaintiff with a typewriter or a computer so that Plaintiff may prepare his filings for the duration of this lawsuit.

**IT IS ORDERED:**

(1)   The reference to the Magistrate Judge is withdrawn as to Plaintiff's Emergency Motion for the Court to Issue an Order that Plaintiff Be Allowed to Use a Computer/Typewriter (Doc. 32) and Plaintiff's illegible Motions (Docs. 36, 44).

---

[3] Defendants acknowledge that issues of sovereign immunity would be implicated if either ADCRR or the State of Arizona were Defendants.  (Doc. 43 at 2.)

- 5 -

(2) Plaintiff's Emergency Motion for the Court to Issue an Order that Plaintiff be Allowed to Use a Computer/Typewriter (Doc. 32) is **granted** as follows:

    (a) Defendants must provide Plaintiff access to a typewriter or computer so that he may prepare his filings in this case for the duration of this lawsuit.

    (b) Within **10 days** of this Order, Defendants must file a Notice of Compliance that they have provided Plaintiff access to a typewriter or computer.

(3) This Order is in effect only until the conclusion of this case or until otherwise modified by the Court.

(4) This relief is narrowly drawn and the least intrusive means necessary to correct the harm. *See* 18 U.S.C. § 3626(a)(1).

(5) Plaintiff's illegible Motions (Docs. 36, 44) are **denied without prejudice**.

Dated this 15th day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge