WO                                                                                                                    MGD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Wayne Derello, Jr.,<br>  Plaintiff,<br>v.<br>Lori Stickley, et al.,<br>  Defendants. | No. CV 19-05363-PHX-MTL (JFM)<br><br>**ORDER** |

Plaintiff Douglas Wayne Derello, Jr., who is currently confined in the Arizona State Prison Complex-Eyman, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's "Emergency Motion to Court of Defendants' Noncompliance With Court's Order (DKT #46)" (Doc. 52), which the Court construes as a Motion for Preliminary Injunction.

**I.  Background**

On screening of Plaintiff's First Amended Complaint (Doc. 8) under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated the following claims in Count Two: First Amendment retaliation and Eighth Amendment claims against Defendant Sergeant N. Harris regarding the denial of a medically prescribed shower chair and showers; an Eighth Amendment claim against Defendant Sergeant C. Digiro regarding the denial of a medically prescribed lower bunk order; a First Amendment retaliation claim against Defendant Assistant Deputy Warden Scott; and an Eighth Amendment conditions-of-confinement claim against Defendant Sergeant Pond regarding the denial of recreation.

(Doc. 16.) The Court further determined that Plaintiff stated an Eighth Amendment medical care claim against Defendant Nurse Practitioner Hahn in Count Three. (*Id*.) The Court directed these Defendants to answer the claims against them and dismissed the remaining claims and Defendants. (*Id*.)

In an Order dated March 15, 2021, the Court granted Plaintiff's motion for injunctive relief seeking access to a computer or typewriter to prepare his filings in this case because of a medical condition that renders his handwriting illegible. (Doc. 46.) The Court ordered Defendants to provide Plaintiff access to a typewriter or computer and to file a Notice of Compliance within 10 days that they have provided Plaintiff such access. (*Id*.) On March 25, 2021, Defendants filed their Notice of Compliance, asserting that Arizona Department of Corrections, Rehabilitation and Reentry (ADCRR) staff have supplied Plaintiff with access to a computer and that Plaintiff had already accessed the computer at least three times. (Doc. 48.)

## II.     Motion for Injunctive Relief

In Plaintiff's present Motion for Preliminary Injunction filed on March 31, 2021, Plaintiff asserts that since January 21, 2021, he has only had 2.5 hours of computer time to work on his case, and was therefore unable to print out and e-file his completed court filings that day.[1] (Doc. 52.) Plaintiff asks that the Court direct defense counsel to confer with Plaintiff via emergency teleconference to resolve the matter on their own without further involvement of the Court. (*Id*.)

In a subsequent, typewritten "Motion to Inform the Court of Plaintiff's Court Order Computer Use" filed on April 6, 2021, Plaintiff states that he spoke with defense counsel on April 5, 2021, and the following day he was allowed to use the computer, but the Corrections Officer III told him he would not be allowed to use the computer every day. (Doc. 55 at 1.) Plaintiff states that for nearly nine months, while at the same unit, he was allowed to use the computer without incident four days a week from 8:00 a.m. to at least

---

[1] Plaintiff's Motion indicates that it was handwritten by another prisoner assisting Plaintiff. (Doc. 52 at 1.)

- 2 -

1  3:00 p.m. (*Id*. at 2.) Plaintiff said he had not been able to submit any discovery requests
2  in this case, but that was "tentatively resolved during the conversation with Defendants[']
3  Attorneys." (*Id*.) Plaintiff concluded that this motion was the only document he was able
4  to complete for submission that day and that he is "being inundated with backed up legal
5  filing." (*Id*.)

6  Defendants filed their Response to Plaintiff's Motion for Preliminary Injunction on
7  April 14, 2021, asserting that the computer access issues were resolved and no further
8  action by the Court was necessary. (Doc. 57 at 1.) Defendants note that since April 6,
9  Plaintiff had filed two documents (Docs. 55, 56) reflecting that he now had computer
10 access, and defense counsel had communicated with Plaintiff and ADCRR staff in an effort
11 to address the logistical issues. (*Id*.) Defendants state that it appeared a misunderstanding
12 involving Plaintiff's access not only to a computer but also to a printer was the source of
13 confusion, but that staff are now aware of Plaintiff's need both for computer access and the
14 ability to print documents. (*Id*. at 2.)

15 On April 22, 2021, Plaintiff filed a typewritten motion in which he asserted he never
16 received Defendants' Response, and, although he had been allowed access to a computer
17 from time to time, his work has repeatedly been deleted or lost from one session to another
18 due to computer issues. (Doc. 60.) Plaintiff also indicated that he may be able to obtain a
19 typewriter from the previously shut down supplier sometime in the near future. (*Id*.) On
20 April 28, 2021, the Magistrate Judge ordered Defendants to send their Response to Plaintiff
21 again and gave Plaintiff seven days thereafter to file a reply. (Doc. 61.)

22 In his Reply filed on May 5, 2021, Plaintiff states that his access to the computer
23 has not improved and that "this is the first day plaintiff has been out this week" and he was
24 informed he only has an hour. (Doc. 66 at 1.) Plaintiff states he had nothing prepared to
25 submit to the librarian that day for e-filing. (*Id*.) Plaintiff states that although he thought
26 the issue could be resolved without the Court's intervention, "that was naïve thinking," and
27 he "beg[s] that the Court take all of his previous motions regarding this issue into
28 consideration along with this motion." (*Id*.) Plaintiff also states that he was told it would

be another week before his personal typewriter is available and then another week or two for delivery. (*Id*. at 2.)

Since filing his Reply, Plaintiff has filed one other document with the Court—a handwritten notice of service of discovery filed on May 17, 2021. (Doc. 67.) This document indicates that it was written by another prisoner assisting Plaintiff. (*Id*.)

### III. Injunctive Relief Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th

Cir. 1986) (citation omitted). The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### IV. Discussion

The Court will deny Plaintiff's Motion without prejudice because the specific relief Plaintiff seeks is moot. Plaintiff asked in his Motion that the Court direct defense counsel to confer with Plaintiff via emergency teleconference to resolve the matter of his computer access. Defense counsel has now conferred with Plaintiff about his computer access. The issue was not resolved to Plaintiff's satisfaction, however, and it appears that Plaintiff may also want the Court to set a schedule or tell ADC how much time Plaintiff should have on the computer, but Plaintiff has not said how much time he needs or for what purpose related to this particular case. Moreover, it is possible Plaintiff now has access to his own typewriter.

For all the above reasons, the Court will deny Plaintiff's Motion without prejudice.

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's "Emergency Motion to Court of Defendants' Noncompliance With Court's Order (DKT #46)" (Doc. 52), which the Court construes as a Motion for Preliminary Injunction, and the Motion is **denied without prejudice**.

Dated this 19th day of May, 2021.

Michael T. Liburdi
United States District Judge

- 5 -